UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:20-cr-0003-JMS-DML |
| | ) | |
| EUGENE MANFIELD WILSON, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On December 6, 2021, February 7, and March 9, 2022, the Court held hearings on the Petitions for Warrant or Summons for Offender Under Supervision filed on November 18, 2021, and January 31, 2022.  Defendant Wilson appeared in person with his appointed counsel Leslie Wine.  The government appeared by Jayson McGrath, Assistant United States Attorneys.  U. S. Parole and Probation appeared by Officer Travis Buehrer.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1.  The Court advised Defendant of his rights and provided him with a copy of the petitions.  Defendant Wilson orally waived his right to a preliminary hearing.

2.  After being placed under oath, Defendant Wilson admitted violation number 1. [Docket No. 13 and 22.]  Government orally moved to withdraw the remaining violations, which motion was granted by the Court.

3.  The allegation to which Defendant admitted, as fully set forth in the petition, is:

| Violation Number | Nature of Noncompliance |
|---|---|

1 | **"The defendant shall refrain from any unlawful use of a controlled substance."**

On October 22, 2021, Mr. Wilson submitted a urinalysis that returned positive for cannabinoids. The sample confirmed positive with Alere Laboratory and he admitted using marijuana.

As previously reported to the Court, Mr. Wilson submitted positive urinalysis' for cannabinoids on April 8, June 10, and July 22, 2021. Tests results were sent to Alere Laboratory and confirmed positive for cannabinoids. Furthermore, Mr. Wilson admitted marijuana use on or about June 10, 2021, but denied use on April 8, 2021.

4. The parties stipulated that:

   (a) The highest grade of violation is a Grade C violation.

   (b) Defendant's criminal history category is VI.

   (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 8 to 14 months' imprisonment.

5. The parties made no arguments as to what sentence should be imposed.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and he is sentenced to the custody of the Attorney General or his designee for a period of one (1) day with thirty (30) days of supervision to follow. In addition to the mandatory conditions of supervision, the following conditions of supervised release will be imposed:

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;
Standard condition of supervision

2. The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
Standard condition of supervision

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
Standard condition of supervision

4. The defendant shall support his or her dependents and meet other family responsibilities;
Standard condition of supervision

5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
Standard condition of supervision

6. The defendant shall notify the probation officer at least ten (10) days prior to any change in residence or employment;
Standard condition of supervision

7. The defendant shall refrain from use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
Standard condition of supervision

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
Standard condition of supervision

9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
Standard condition of supervision

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
Standard condition of supervision

11. The defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer;
Standard condition of supervision

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
Standard condition of supervision

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.
    Standard condition of supervision

14. The defendant shall participate in a program of testing and treatment for substance abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer, and shall pay at least a portion of the cost according to his ability, as determined by the probation officer.
    Special condition based on the defendant's history of substance abuse.

15. The defendant shall not use/possess any alcoholic beverages and shall not frequent any establishments whose primary purpose is the sale/serving of alcohol.
    Special condition based on the defendant's history of substance abuse.

16. The defendant shall not frequent any establishment where gambling is conducted, legally or illegally, and shall not participate in gambling in any form.
    Special condition based on the defendant's history of racketeering.

17. The defendant shall have no contact with any known or suspected gang members, to include family members, without prior permission from the probation officer.
    Special condition based on the defendant's history of racketeering.

18. The defendant shall not wear/possess any clothing, photographs, art work, CD's or other paraphernalia which is associated in any way with gangs and/or gang members.
    Special condition based on the defendant's history of racketeering.

The Defendant is to be released pending the district court's action on this Report and Recommendation. USPO will notify Mr. Wilson of the date to report to the U.S. Marshal's Office to serve his one (1) day sentence.

    The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections with the District Judge.

Date: 3/14/2022

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system